ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 2, 2008

The Honorable Jerry Madden
Chair, Committee on Corrections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0685

Re: Whether an out-of-state company may be
considered a "resident bidder" under particular
circumstances  (RQ-0703-GA)

Dear Representative Madden:

You ask several questions regarding provisions of the State Purchasing and General Services
Act (the "Purchasing Act").[1] *See generally* TEX. GOV'T CODE ANN. §§ 2151.001–2177.103 (Vernon
2008). Your questions arise out of the implementation by the Texas Department of Transportation
(the "Department") of a program involving the marketing and sale of specialty license plates through
a private vendor. *See* Request Letter, *supra* note 1, at 1; TEX. TRANSP. CODE ANN. §§ 504.851–.852
(Vernon 2007). That program requires, in part, that the Department "enter into a contract with the
private vendor whose proposal is most advantageous to the state, as determined from competitive
sealed proposals that satisfy the requirements of [section 504.851] for the marketing and sale of"
certain personalized license plates. TEX. TRANSP. CODE ANN. § 504.851(a) (Vernon 2007). A
contract entered into by the Department "must comply with any law generally applicable to a
contract for services entered into by the [D]epartment." *Id.* § 504.851(i)(1).

A contract under this specialty license plate program was awarded to a firm. *See* Request
Letter, *supra* note 1, at 1–2. You tell us that you have information indicating that the firm that was
awarded the bid

listed a Texas address in its proposal and certified it was a Texas
Resident Bidder yet conducted no business in Texas, nor had a place
of business save for apparently using an address in Austin of a
company that has no legal connection to the bidder. [The information
you have] also suggests that the firm's president appears to have been
the only employee of the entity prior to award of the contract, [and
he] purportedly resides and offices in Australia, and performs nearly
all of his business in that location rather than Texas.

---

[1]*See* Letter from Honorable Jerry Madden, Chair, Committee on Corrections, Texas House of Representatives,
to Honorable Greg Abbott, Attorney General of Texas, at 2–3 (Apr. 22, 2008) (on file with the Opinion Committee, *also
available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

*Id.* at 2. You explain that the award of this bid resulted in a protest by another firm that had also submitted a proposal but was not awarded the bid. *See id.* at 1–2. The appeal of the bid award by the other firm was ultimately denied by the Department's executive director. *See id.* at 2.

As a result of arguments raised in the protest of this bid award and determinations made by the Department as to the protest, you ask the following questions:

> If a non-Texas resident or company located outside of Texas sets up a Texas business entity, and that business entity conducts no business in Texas other than retaining an attorney, is that company considered a Texas Resident Bidder, and is it considered to have a Principal Place of Business in Texas?

> If a company does not have a Principal Place of Business in Texas and is not a Texas Resident Bidder, and signs an affirmation that it is a Texas Resident Bidder, and is subsequently awarded a state purchase order, what recourse exists to address this discrepancy?

> If there is a competitive procurement and each competing firm submitted a $1 bid, and presented proposals to generate additional state revenue which are scored differently by the procuring agency, should bidding preferences apply, and if so which preferences are applicable?

> If bidding preferences were not appropriately applied by a state agency during a procurement, and the agency disagrees that bidding preferences should have been applied, what recourse exists to compel the agency to re-consider preferences?

*See id.* at 2–3.

## I.    Procedural Issues

Before we begin our analysis of your questions, we must address procedural challenges regarding this request. First, briefs received in our office contend that by responding to your questions we are conducting an "appellate review" of the Department's bid award.[2] This office has historically refused to consider questions about the award of particular contracts or whether a

---

[2]*See, e.g.*, Brief from Michael A. Shaunessy, Sedgwick, Detert, Moran and Arnold, L.L.P., on behalf of MyPlates, Inc., to Honorable Greg Abbott, Attorney General of Texas, at 5 (June 3, 2008) (on file with the Opinion Committee) [hereinafter MyPlates Brief] ("If your office issues an opinion in response to [this] request, you will have assumed the role of an appeals court . . . . In turn, every unsuccessful bidder for a state, county, or other government contract who fails in a bid protest will then only need to . . . appeal the denial of the bid protest to the Attorney General's office.").

contract is subject to specific competitive-bidding requirements because those questions require factual determinations. *See, e.g.*, Tex. Att'y Gen. Op. No. DM-113 (1992) at 9, Tex. Att'y Gen. LO-97-059, at 1. Our policy is unchanged. This opinion does not comment on the particular bid award that gives rise to your questions but answers only your legal questions regarding the Purchasing Act.

Second, briefs received in our office argue that we "should not issue an opinion in this matter because the opinion request" does not come from an authorized requestor and the subject matter of the request "does not concern a question of public interest or . . . [the] official duties of the requestor." *See* MyPlates Brief, *supra* note 2, at 2–3. Government Code section 402.042 sets out a list of persons to whom "the attorney general shall issue a written opinion on a question affecting the public interest *or* concerning the official duties of the requesting person." TEX. GOV'T CODE ANN. § 402.042(a)–(b) (Vernon 2005) (emphasis added); *see also* TEX. CONST. art. IV, § 22 (providing that the attorney general shall "give legal advice in writing to the Governor and other executive officers, when requested by them"). Included among the list of persons who may request an attorney general opinion is "a committee of a house of the legislature." TEX. GOV'T CODE ANN. § 402.042(b)(7) (Vernon 2005). This request comes from the Texas House of Representatives Committee on Corrections—clearly an authorized requestor.[3] Moreover, the questions presented concern the meaning of provisions of the Purchasing Act, a matter of public interest.[4] The statute does not require that a question concern both a matter of public interest and the official duties of the requestor. *Id.* § 402.042(a). We now turn to your questions.

## II.     Analysis

### A.     Section 2155.444

Government Code section 2155.444 requires that preferences be given by state agencies to certain bidders. *See id.* § 2155.444(a)–(b) (Vernon 2008). Portions of this statutory provision relate to the purchase of goods, including agricultural products. *See, e.g., id.* We understand from the background information you present, however, that your first three questions pertain to section 2155.444(e), which involves preferences required in the purchase of services. *See id.* § 2155.444(e); Request Letter, *supra* note 1, at 1.

---

[3]*See* Letter from Committee on Corrections, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (June 9, 2008) (on file with the Opinion Committee) [hereinafter Committee Letter] (indicating, in this particular instance, by the signatures of all members of the House Committee on Corrections, that the Committee affirms Representative Madden's original request and finding that an answer to these questions will work to "ensure integrity in all state purchasing decisions, including the bidding on state contracts").

[4]In addition to disagreeing with the argument that this is not an authorized request, we reject any suggestion made by the Honorable Terry Keel that it is not within the purview of this office to determine whether any particular request is proper under section 402.042, Government Code. *See* Brief from Honorable Terry Keel, House Parliamentarian, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 17, 2008) (on file with the Opinion Committee) (arguing that "whether or not the subject matter of an opinion request falls within the purview of a particular House committee would be exclusively an issue for the House of Representatives, not a subject for collateral evaluation outside of the legislature").

Section 2155.444(e) provides that

> state agencies procuring services shall give first preference to services offered by a Texas bidder that is owned by a service-disabled veteran who is a Texas resident and shall give second preference to services offered by other Texas bidders if:
>
> > (1)   the services meet state requirements regarding the service to be performed and expected quality; and
> >
> > (2)   the cost of the service does not exceed the cost of other similar services of similar expected quality that are offered by a bidder that is not entitled to a preference under this subsection.

TEX. GOV'T CODE ANN. § 2155.444(e) (Vernon 2008); *see also id.* §§ 2155.001(2) (defining "service"), 2151.002 (defining "state agency"), 2155.444(c)(1-a)–(2) (defining "service-disabled veteran" and "Texas bidder"). This statutory provision was adopted by House Bill 845 of the 78th Legislative Session. *See* Act of May 23, 2003, 78th Leg., R.S., ch. 1033, § 2, 2003 Tex. Gen. Laws 2981, 2981 (codified at Government Code section 2155.444(e)).

For the purposes of section 2155.444, the term

"Texas bidder" means a business:

> (A)   incorporated in this state;
>
> (B)   that has its principal place of business in this state; or
>
> (C)   that has an established physical presence in this state.

TEX. GOV'T CODE ANN. § 2155.444(c)(2) (Vernon 2008). This definition was also adopted by House Bill 845. *See* Act of May 23, 2003, 78th Leg., R.S., ch. 1033, § 2, 2003 Tex. Gen. Laws 2981, 2981 (codified at Government Code section 2155.444(c)).

**B.    The type of business that constitutes a "Texas bidder"**

Your first question asks about the circumstances under which a company is considered a "Texas Resident Bidder." Request Letter, *supra* note 1, at 2.[5] Section 2155.444 does not use the

---

[5]You note that Schedule 4 of the Department's request for proposal provided as follows: "By signing this proposal, respondent certifies that if a Texas address is shown as the address of the respondent, respondent qualifies as a Texas Resident Bidder as defined in Rule 1 TAC 111.2." *See* Request Letter, *supra* note 1, at 1, and Supplement to Request Letter received Apr. 29, 2008 (Schedule 4, Execution of Proposal RFP No. B442007005563000 (May 18, 2007) at 1) (on file with the Opinion Committee). The rule referenced in Schedule 4—1 Texas Administrative Code section

(continued...)

term "Texas Resident Bidder." Rather, that section uses the term "Texas bidder." *See* TEX. GOV'T CODE ANN. § 2155.444(c)(2) (Vernon 2008). Under section 2155.444(c)(2) a business constitutes a "Texas bidder" in one of three circumstances: (1) the business is incorporated in Texas; (2) the business has its principal place of business in Texas; *or* (3) the business has an established physical presence in Texas. *Id.*; *see also Bd. of Ins. Comm'rs v. Guardian Life Ins. Co.*, 180 S.W.2d 906, 908 (Tex. 1944) (explaining that unless the statute is ambiguous or the context demands otherwise, the term "or" is construed as disjunctive).[6]

You ask "[i]f a non-Texas resident or company located outside of Texas" could constitute a Texas bidder if the business "sets up a Texas business entity" but "conducts no business in Texas other than retaining an attorney." You do not explain what you mean by "sets up a Texas business entity." Request Letter, *supra* note 1, at 2–3. To the extent that you mean a business that incorporates as a Texas business entity, the Legislature has expressly provided that this action alone is sufficient to make a business a "Texas bidder" as that term is defined by the Legislature in section 2155.444(c)(2)(A).

You also ask whether the business you describe is one that has its principal place of business in Texas. *Id.* at 2. Neither section 2155.444 nor any judicial decision we find defines the term "principal place of business" as used in section 2155.444. Moreover, the legislative history does not provide insight as to the meaning of this term. And while there are discussions of the meaning of

---

[5](...continued)
111.2—was originally adopted as 1 Texas Administrative Code section 113.6 pursuant to Texas Revised Civil Statutes article 601g, section 1, which was the predecessor of section 2252.001, Government Code. *See* 10 Tex. Reg. 3280 (1985) (adopting section 113.6) *amended by* 19 Tex. Reg. 713 (amendment renumbering section 113.6 as section 111.2) *repealed by* 33 Tex. Reg. 6129. Section 2155.444 contains its own definition of "Texas bidder" and thus, the definition of "Texas Resident Bidder" in that rule is not relevant to your questions. *See* TEX. GOV'T CODE ANN. § 2155.444(c)(2) (Vernon 2008).

[6]In 2003, the Texas Building and Procurement Commission (now the Texas Facilities Commission) promulgated a rule in response to the amendments to section 2155.444 adopted through House Bill 845. *See* 28 Tex. Reg. 10907, 10910 (2003). That rule contained the following definition of "Texas bidder":

> Texas Bidder-As applies to the use of the preference to "Texas and United
> States Products and Services", "Texas Bidder" means a business:
>
> (A)   incorporated in this state;
>
> (B)   that has its principal place of business in this state; or
>
> (C)   that has an established physical presence in this state.

*Id.* The rule was transferred to the Comptroller of Public Accounts without change and is currently codified at 34 Texas Administrative Code section 20.32(68). *See* 32 Tex. Reg. 4237–4239 (2007) (transferring various rules from the Texas Building and Procurement Commission to the Comptroller of Public Accounts), 34 TEX. ADMIN. CODE § 20.32(68) (2008) (Tex. Comptroller of Pub. Accounts, Definitions). This definition is essentially identical to the definition contained in Government Code section 2155.444(c)(2).

this term as used in other statutes, whether a business "has its principal place of business in this state" under section 2155.444(c)(2)(B) requires the determination of facts that cannot be resolved in the opinion process. *Cf.* Tex. Att'y Gen. Op. No. JM-696 (1987) at 4; *see also id.* (discussing the meaning of "principal place of business" as used in 601g of the Revised Civil Statutes [predecessor to Government Code chapter 2252] relating to the evaluation of out-of-state bidders).

### C.     Remedies and responses available when a bidder inaccurately affirms it is a Texas bidder

In your second question you ask what recourse exists in a situation in which a company is not a Texas bidder but signs an affirmation that it is a Texas bidder and is subsequently awarded a state purchase order. Request Letter, *supra* note 1, at 2. You raise section 2.25 of The State of Texas Procurement Manual (the "Manual") in relation to your questions. *See* TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, The State of Texas Procurement Manual § 2.25, *available at* http://www .window.state.tx.us/procurement/pub/manual/2-25.pdf (last visited Oct. 28, 2008). Section 2.25 of the Manual contains various affirmations that are characterized as "standard terms and conditions that are required in all solicitations." *Id.* at 80. One such affirmation provides that "[b]y signing this bid, bidder certifies that if a Texas address is shown as the address of the bidder, bidder qualifies as a Texas Resident Bidder as defined in Texas Administrative Code, Title 34, Part 1, Chapter 20." *Id.* at 81. We do not find the term "Texas Resident Bidder" defined or used in the portion of the Administrative Code referenced in the Manual. *See* 34 TEX. ADMIN. CODE ch. 20 (2008) (Tex. Comptroller of Pub. Accounts, Tex. Procurement & Support Servs.).

Regardless, a range of remedies and responses may be available under the Purchasing Act if a bidder makes inaccurate representations in its bid proposal. *See Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105, 121 (Tex. App.—Austin 2007, no pet.). Agency protest procedures can be initiated by other bidders in response to proposals that contain inaccuracies. *See* TEX. GOV'T CODE ANN. § 2155.076 (Vernon 2008). Vendors can be barred from participating in state contracts for various reasons including making material misrepresentations in a bid or proposal, committing fraud, or breaching a contract with the state or a state agency. *See id.* § 2155.077(a)–(d). A vendor can be removed from the state's bidders lists if repeated complaints are received against the vendor. *See id.* § 2155.070(d). A vendor can be removed from the state's Centralized Master Bidders List for any of the reasons set forth in Government Code sections 2155.070 and 2155.077. *See* 34 TEX. ADMIN. CODE § 20.34(d) (2008) (Tex. Comptroller of Pub. Accounts, Centralized Master Bidders List).

Additionally, a contract may be rendered voidable as a result of a vendor's misrepresentations or fraud in its proposal. *See Tex. Logos,* 241 S.W.3d at 121 (indicating that allegations of fraud and misrepresentation "are the types of allegations that render a contract voidable"); *see also* TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, THE STATE OF TEXAS PROCUREMENT MANUAL § 2.25, *available at* http://www.window.state.tx.us/procurement/pub/manual/2-25.pdf (last visited Oct. 28, 2008) (affirmations "become part of any solicitation and are binding terms and conditions of any resulting contract or purchase order[;] [a]ny misrepresentation or false statement that is deemed material by the state, is a breach of contract, which shall void or make voidable any solicitation or

resulting contract"). And in some instances, criminal prosecution may be pursued. *See* TEX. PENAL CODE ANN. § 37.10 (Vernon Supp. 2008) ("Tampering with Governmental Record"). The availability of any particular remedy or response in a specific bidding situation depends on the facts.

### D.    Whether the section 2155.444(e) preference applies in the case of a tie bid

You ask the following in your third question: "If there is a competitive procurement and each competing firm submitted a $1 bid, and presented proposals to generate additional state revenue which are scored differently by the procuring agency, should bidding preferences apply, and if so which preferences are applicable?" Request Letter, *supra* note 1, at 2. You explain that it is the Department's contention that "no preferences should have been applied [in the award of the specialty license plate program] because there was no tie in the *scoring* of the different proposals" but that legal counsel for the protesting firm "asserts that it is not a tie of the proposal scores that matters, but a tie in the *dollar amount* that was actually bid." *Id.* (emphasis added).

There are a multitude of preferences that might, depending on the facts, apply to a particular purchase. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 2155.441 (Vernon 2008) (providing a preference for products by persons with disabilities), 2155.443 (providing preference for rubberized asphalt paving made from scrap tires); *see also* TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, THE STATE OF TEXAS PROCUREMENT MANUAL § 2.38 *available at* http://www.window.state.tx.us/procurement/pub/manual/2-38.pdf (last visited Oct. 28, 2008) (discussing preferences applicable to state purchasing). In addition to preferences that apply to all state agencies, there are purchasing preferences applicable to individual state agencies. *See, e.g.*, TEX. GOV'T CODE ANN. § 466.106 (Vernon 2004) (requiring the Texas Lottery Commission to give preference to Texas businesses).

As to section 2155.444(e)—the apparent focus of your question—it provides that preferences under this subsection apply if:

> (1)   the services meet state requirements regarding the service to be performed and expected quality; and
>
> (2)   the cost of the service does not exceed the *cost* of other similar services of similar expected *quality* that are offered by a bidder that is not entitled to a preference under this subsection.

*Id.* § 2155.444(e) (Vernon 2008) (emphasis added). Assuming that the requirement in section 2155.444(e)(1) is met, if there is an actual tie in the proposed cost of the service, as your question suggests, the preferences in section 2155.444(e) apply only if the service is "of similar expected quality [to] that . . . offered by a bidder that is not entitled to [the] preference." *Id.* § 2155.444(e)(2).

### E.    The recourse available to compel a state agency to reconsider the application of a bid preference

In your fourth question you ask what recourse exists to compel a state agency to reconsider the application of bidding preferences when it is believed that preferences have been incorrectly

applied by a state agency during a procurement process. Request Letter, *supra* note 1, at 2–3. Section 2155.076 of the Purchasing Act requires the "commission and each state agency by rule [to] develop and adopt protest procedures for resolving vendor protests relating to purchasing issues." TEX. GOV'T CODE ANN. § 2155.076(a) (Vernon 2008). And "[a]n agency's rules must be consistent with the commission's rules." *Id.* Thus, as to any particular agency, these procedures, along with any statutes related to that agency, must be reviewed to understand what recourse might be available when a bidder believes preferences were applied incorrectly. *See, e.g.*, TEX. GOV'T CODE ANN. § 466.101(d) (Vernon 2004) (providing that "[a] party who is aggrieved by the [state lottery] commission's resolution of a protest under Subsection (c) may file an action in the district court of Travis County"); 43 TEX. ADMIN. CODE § 9.3 (2008) (Tex. Dep't of Transp., Protest of Dep't Purchases). Other than requiring each state agency to develop and adopt rules to resolve vendor protests, we find no provision in the Purchasing Act by which a bidder or any other person can *compel* a state agency to reconsider the application of bidding preferences.

# S U M M A R Y

The term "Texas bidder" as defined by Government Code section 2155.444(c)(2) means a business that is incorporated in Texas, a business that has its principal place of business in Texas, or a business that has an established physical presence in Texas. *See* TEX. GOV'T CODE ANN. § 2155.444(c)(2) (Vernon 2008). Whether a business has its principal place of business in Texas under section 2155.444(c)(2) is a fact-sensitive inquiry.

A range of remedies and responses may be available under the State Purchasing and General Services Act ("Purchasing Act") if a bidder inaccurately represents it is a Texas bidder in its proposal. Agency protest procedures can be initiated by other bidders and vendors can be barred from participating in state contracts or be removed from certain bidders lists as the result of such inaccuracies. Additionally, a contract entered into pursuant to such a proposal may be rendered voidable and, in some instances, criminal prosecution may be pursued. The availability of any remedy or response in any particular bidding context depends upon the facts.

The purchasing preferences in Government Code section 2155.444(e) apply when (1) the service otherwise meets the state's requirements and expected quality, and (2) "the cost of the service does not exceed the *cost* of other similar services of similar expected *quality* that are offered by a bidder that is not entitled to a preference under th[e] subsection." *Id.* § 2155.444(e) (emphasis added). Under the express provisions of section 2155.444(e)(2), if there is an actual tie in the proposed cost of the service, a preference applies if the service is "of similar expected quality."

Any statutes applicable to a particular state agency as well as any rules adopted by the agency must be reviewed to determine what recourse might be available when a bidder believes bidding preferences were applied incorrectly.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee